Frances M. HANSEN et al., Appellants,

v.

TEXAS EMPLOYMENT COMMISSION et al., Appellees.

No. 15657.

Court of Civil Appeals of Texas.

Dallas.

Jan. 29, 1960.

Rehearing Denied Feb. 19, 1960.

Mullinax, Wells & Morris, Charles J. Morris and Albert Levy, Dallas, for appellants.

Will Wilson, Atty. Gen., and C. K. Richards, Asst. Atty. Gen., for appellees.

DIXON, Chief Justice.

This is a companion case to Huey v. Texas Employment Commission, 332 S.W. 2d 366.

Frances M. Hansen and other appellants are employees of Dallas Pant Manufacturing Company of Dallas, Texas, Waxahachie Garment Company of Waxahachie, Texas, Greenville Pant Manufacturing Company of Greenville, Texas, McKinney Pant Manufacturing Company of McKinney, Texas, and The Corsicana Company of Corsicana, Texas. These companies together with Haggar Company are affiliated companies.

Each of the companies is a Texas Corporation. It is stipulated that all of the companies manufacture men's clothing except Haggar Company, which is engaged in the sale of men's clothing. The ownership, control and management of the companies are substantially the same. Labor relations for all of them are handled from a common office in Dallas, Texas. However, the Corsicana Company, unlike the other companies, has not entered into a bargaining contract with any labor union or other organization.

It is further stipulated as a fact that in each of the companies during a two weeks' period in the summer of 1956 appellants performed no work and received no pay for such period because of the closing of each company's plant. The closing was in the exercise of an option under the terms of a collective bargaining contract, except in the case of The Corsicana Company.

Texas Employment Commission allowed unemployment compensation to employees of The Corsicana Company who were not eligible for vacation pay during the closing period. But refused unemployment compensation to employees of the other companies who were not eligible for vacation pay. The grounds of the refusal were that said employees in the collective bargaining contract negotiated for them by their labor union had agreed to a two weeks' closing period without pay. In other words it was held that each of the said employees "had left his last work voluntarily, without good cause connected with his work." Art. 5221b–3(a) Vernon's Ann.Civ.St.

Appellants are members of Amalgamated Clothing Workers of America. They have appealed from a District Court judgment affirming the order of Texas Employment Commission denying them unemployment compensation during the period the plants were closed.

Since the bargaining contract provisions are not identically the same in the Huey case and this case we deem it appropriate to quote from the contract now before us:

"Article IV
*Vacations*

"*Vacation periods shall be determined by the Company.* As a rule such periods shall be between the latter part of June and the first day of September of each year. It shall also be the Company's sole option to determine the manner in which vacations may be given, i. e., whether to close down the entire factory, to give one or more employees their vacation period at one time or to close down one or more units at a time. * * * (Emphasis ours).

"4. Vacation pay shall be figured as follows:

"*a.* 2% of employees pay for the current twelve months period for all employees who have been continuously employed for either one, two or three years.

"*b.* 4% of employees pay for the current twelve months period to be paid to all employees having been continuously employed for four years or more."

We quote also pertinent parts of the agreed stipulation of facts:

"10.

"Beginning with the year 1947 in accordance with the practice of the defendant employer companies in exercise of the option under Article IV of the Contracts hereinbefore referred to and prior contracts entered into between the employer companies and the union, up to and including the year 1956, the sewing rooms of the defendant employers plants at their various locations have been closed for a two weeks' period, during each of which periods no production work was done or was available to any production employees in the sewing rooms of each of said plants of defendant employer companies.

"11.

"The majority, but not all, of claimants herein were members of various local unions of Amalgamated Clothing Workers of America and all claimants were covered by provisions of said contracts * * *.

"12.

"It is agreed that there was no contract between defendant The Corsicana Company and the Amalgamated Clothing Workers of America, or with its affiliate or with any other labor union at the time of the two weeks vacation period from July 21, to August 5, 1956, at the plant of defendant The Corsicana Company of Corsicana, Texas. Such vacation period was designated by The Corsicana Company and no work was available to the employees of The Corsicana Company in the sewing room of its plant during such vacation period. It is further agreed that the vacation procedure and qualifications used by The Corsicana Company are identical with those used by the Dallas Pant Company, the Waxahachie Garment Company, the Greenville Pant Company and the McKinney Pant Company. *It is further agreed that all of the employees of the Corsicana Company who filed claims for unemployment compensation benefits for the two weeks' vacation period (shown in Appendix C referred to hereinabove) received unemployment compensation benefits for the entire two weeks' period except where such employees were entitled to one week's vacation pay in which cases said employees received unemployment compensation benefits for the balance of said period.* (Emphasis ours).

"13.

"At no time did any of the plaintiffs request or authorize the union to agree

that they or any of them or any employee similarly situated was to receive a vacation without pay whether for a period of one week, two weeks or any other period of time, and the union did not at any time request or agree with the defendant company or companies that any such employees were to be given unpaid vacations for any period of time, except to the extent, if any, that they were bound by the contract between the union and the employer of which all employees had notice.

"14.

"Neither management nor the union objected to employees who received no vacation pay seeking and obtaining other employment during the shutdown when other employees were on vacation and receiving vacation pay, or employees who received only one week's vacation seeking and obtaining other employment for the remaining time they were out of work during the aforesaid period when the plant operations were shut down or curtailed.

"15.

"Each of the claimants herein during all of the period of time she was off work during the respective periods, * * * was able to work and was available for work at her defendant company or elsewhere."

We see no differences in the facts of the Huey case and this case of such a nature as to cause us to render a different decision here. We are of the opinion that these appellants in the light of the undisputed facts and notwithstanding the collective bargaining contract in question, cannot be said to have left their work voluntarily without good cause connected with their work. Consequently we hold that they are not disqualified under Art. 5221b–3(a), V.A.C.S. from receiving unemployment compensation during the time they were unemployed without pay during the shutdown period of the several plants involved herein.

Of course to be eligible for unemployment compensation appellants must qualify under the terms of eligibility as set out in other Sections of Art. 5221b, V.A.C.S.

Appellants' points on appeal are sustained.

The judgment of the trial court is reversed and judgment is here rendered directing Texas Employment Commission to grant appellants' claims provided appellants meet the requirements for unemployment compensation as set out in other Sections of Art. 5221b, V.A.C.S.

Reversed and rendered.